2026 IL App (1st) 242364-U

FIRST DISTRICT,
SIXTH DIVISION
July 17, 2026

No. 1-24-2364

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| O'ROURKE, KATTEN & MOODY, an Illinois Law Partnership, | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff and Counterdefendant-Appellee, | |
| v. | No. 2020 L 000626 |
| SWEPORTS, LTD., a Delaware Corporation, | |
| Defendant and Counterplaintiff-Appellant. | The Honorable Daniel J. Kubasiak, Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1        *Held*:  We affirm summary judgment for plaintiff on its conversion claim and for defendant's professional negligence counterclaim. Additionally, we affirm the trial court's interlocutory orders, addressing defendant's asserted errors.

¶ 2        This case arises from a long-running dispute over unpaid legal fees spanning two decades. In July 2006, defendant-appellant Sweports, Ltd. retained plaintiff-appellee O'Rourke, Katten & Moody (OKM) to provide legal services, which Sweports did not pay. On December

31, 2006, OKM accepted 125 shares of Sweports stock as payment for $107,500 in outstanding legal fees. In April and June 2007, Sweports, acting through its majority shareholder George Clarke, issued two Informal Actions unilaterally rescinding OKM's stock in Sweports.

¶ 3 OKM filed this action in June 2007, challenging the unilateral rescission of its stock. The matter is now before us on OKM's fifth amended complaint, which asserts a single claim for stock conversion. Sweports counterclaimed for professional negligence. The trial court granted summary judgment in favor of OKM on its conversion claim and Sweports' negligence counterclaim. Sweports appeals, arguing the court erred by (1) finding OKM's conversion claim timely, (2) granting summary judgment to OKM on the conversion claim, and (3) granting summary judgment to OKM on Sweports' professional negligence counterclaim. We affirm.[1]

¶ 4 I. BACKGROUND

¶ 5 Sweports holds patents and licenses for antimicrobial technology and owns UMF Corporation (UMF), which manufactures and sells products using those patents. George Clarke serves as the majority owner, officer, and board member of both entities. In 2005 and 2006, Sandbox Industries, LLC (Sandbox) loaned substantial sums to UMF, prompting discussions about a potential merger between UMF and Sweports. On July 12, 2006, Sweports retained OKM to provide legal services related to the merger, and OKM devoted significant time to those efforts. The merger stalled in September 2006 when Sandbox threatened to demand repayment of its loans. OKM negotiated a settlement with Sandbox in November 2006.

¶ 6 That same month, Sweports executed a Loan Guaranty and Stock Purchase Agreement (LGSPA) with Michael O'Rourke, Michael Moody, John Dore, A.G. Chenelle, and Lee Abrams

---

[1] This appeal was fully briefed on November 10, 2025, but issuance of this decision was delayed due to a random panel reassignment in April 2026.

(the individual shareholders), providing each with an ownership interest in Sweports and options to purchase additional shares. The shareholders collectively loaned Sweports $500,000, evidenced by a promissory note.

¶ 7        Despite receiving ongoing legal services from OKM, Sweports did not pay OKM's fees. On December 31, 2006, OKM and Sweports executed a Stock Purchase Agreement (SPA), under which OKM exchanged $107,500 in unpaid fees for 1.25% of Sweports' common stock, and OKM received 125 shares. Sweports continued using OKM's services into early 2007, accruing an additional $150,000 in unpaid fees. The relationship deteriorated in spring 2007, culminating in Clarke issuing Informal Actions in April and June 2007 rescinding the stock held by OKM and the individual shareholders.

¶ 8                            A. Initial Proceedings

¶ 9        OKM initiated this case on June 7, 2007, seeking a declaration that Sweports' actions, in "declaring OKM's services of no value and repudiating its stock interest *** are unlawful and invalid," and seeking repayment of $150,000 in legal fees. OKM's April 2008 first amended complaint added a claim for stock conversion. However, this claim was removed from the September 2008 second amended complaint. Sweports filed counterclaims for breach of fiduciary duty, professional negligence, and fraud.

¶ 10       Simultaneously, a separate action was proceeding between the individual shareholders and Sweports for Sweports' alleged breach of the LGSPA and promissory note. *Dore v. Sweports, Ltd.*, 2014 IL App (1st) 121980-U, ¶ 6. Sweports filed counterclaims for professional negligence, breach of fiduciary duty, and fraud in that case as well. The trial court dismissed Sweports' professional negligence counterclaim under section 2-619(a)(3) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3)), because an identical counterclaim was already

pending in this case. The remaining counterclaims were dismissed under sections 2-606 and 2-603 of the Code. *Id.* ¶ 11.

¶ 11     UMF also filed a lawsuit against the shareholders alleging fraud, negligence, and breach of fiduciary duty while this case and *Dore* were pending. *UMF Corp. v. Dore*, 2013 IL App (1st) 12286-U, ¶ 5. The trial court dismissed UMF's action under section 2-619(a)(3) due to its similarity to *Dore*, and we affirmed. *Id.* ¶¶ 7-8. In December 2014, Dore, O'Rourke, and Moody sued Sweports in Delaware seeking indemnification for costs incurred in *Dore* and *UMF Corp.*

¶ 12                    B. Partial Settlement on OKM's Third Amended Complaint

¶ 13     On October 3, 2014, OKM filed its third amended complaint asserting multiple claims, including stock conversion. Sweports refiled its counterclaims for professional negligence, breach of fiduciary duty, and fraud. OKM moved to dismiss those counterclaims under *res judicata*, as identical counterclaims had already been dismissed in *Dore* and *UMF Corp*. The trial court agreed and dismissed Sweports' counterclaims in June 2015.

¶ 14     The parties reached a partial settlement agreement on September 16, 2017. Sweports agreed to pay $100,000 for unpaid legal fees not exchanged for stock, and OKM agreed to dismiss its conversion claim without prejudice and with the "right to refile." A September 21, 2017 Agreed Order dismissed OKM's conversion claim without prejudice and with "leave to refile." Sweports reserved its right to appeal the dismissal of its counterclaims, and the parties reserved all other claims, defenses, and counterclaims.

¶ 15             C. Sweports Appeals Dismissal of Counterclaims and Files New Complaint

¶ 16     Sweports appealed the dismissal of its counterclaims on October 19, 2017. While that appeal was pending, Sweports filed a new complaint against OKM on June 1, 2018, alleging abuse of process, tortious interference with prospective economic advantage, and conspiracy, all

arising from the same transaction and occurrence at issue in this case. The trial court dismissed the 2018 complaint, and this court affirmed the dismissal of all counts for failure to state a claim under section 2-615 of the Code (735 ILCS 5/2-615). *Sweports, Ltd. v. Abrams*, 2021 IL App (1st) 200139-U, ¶ 73.

¶ 17        In Sweports' appeal in this case, we affirmed the dismissal of the breach of fiduciary duty and fraud counterclaims under *res judicata*, as identical counterclaims were previously dismissed on their merits in *Dore*. *O'Rourke, Katten & Moody v. Sweports, Ltd.*, 2019 IL App (1st) 172607-U, ¶ 19. However, we reversed the dismissal of Sweports' professional negligence counterclaim, because that claim was dismissed in *Dore* solely due to its pendency in this action. *Id.* ¶ 18.

¶ 18        D. Fourth and Fifth Amended Complaints, Counterclaim, and Affirmative Defenses

¶ 19        On February 5, 2021, OKM filed its fourth amended complaint under a new case number, which did not include a conversion claim. Sweports moved to dismiss. On November 19, 2021, the court dismissed the fourth amended complaint with prejudice except for an indemnification claim, which was dismissed without prejudice and with leave to replead. On January 4, 2022, OKM withdrew its indemnification claim and sought leave to file a fifth amended complaint asserting conversion, a claim the parties had "reserved in their Settlement Agreement." The court granted leave.

¶ 20        Sweports moved to dismiss the fifth amended complaint, arguing that OKM's conversion claim was barred by the five-year statute of limitations because it was "refiled in October 2014, seven *** plus years after it accrued in June 2007." The trial court rejected this argument, citing the 2017 Agreed Order, which expressly dismissed the conversion claim "without prejudice and with leave to refile."

¶ 21        On June 27, 2022, Sweports filed affirmative defenses based on rescission, *res judicata*, and the statute of limitations, and refiled its professional negligence counterclaim. OKM moved to dismiss the affirmative defenses and counterclaim under *res judicata.* On December 19, 2022, the court dismissed Sweports' rescission-based affirmative defenses, finding OKM could not be restored to the status quo, and dismissed the statute of limitations defense because the allegations in the fifth amended complaint "all relate back to the June 2007 informal action taken by Sweports toward OKM," and Sweports "has been on notice since the case's beginning in 2007 that OKM was suing based on a stock transaction with Sweports."

¶ 22        The trial court declined to dismiss any matters under *res judicata* due to disputes regarding the case's procedural history. Sweports' only remaining defense was its *res judicata* argument based on a November 14, 2008 order allegedly dismissing the individual shareholders' conversion claim in *Dore* "with prejudice." Sweports does not identify the grounds for that dismissal, and the order is not included in the record on appeal. Sweports also relied on a January 19, 2016 order entered in this case declining to strike Sweports' rescission-based affirmative defense to OKM's third amended complaint.

¶ 23        In October 2023, the court ordered all experts to be disclosed by December 15, 2023, and deposed by February 2, 2024. Sweports did not disclose its Rule 213(f)(3) experts until February 5 and 6, 2024. OKM moved to strike Sweports' expert disclosures as untimely and inadequate.

¶ 24        On February 22, 2024, OKM moved for summary judgment on its conversion claim and on Sweports' negligence counterclaim, arguing the counterclaim was barred by *res judicata* because Sweports raised the same allegations in its 2018 complaint, which was dismissed for failure to state a claim and affirmed in *Abrams*, 2021 IL App (1st) 200139-U, ¶ 73. OKM

submitted a 22-page comparison showing the overlap between Sweports' 2018 complaint and its negligence counterclaim.

¶ 25　　That same day, Sweports moved for partial summary judgment on its professional negligence counterclaim, asking the trial court to adopt the factual findings of the Delaware chancery court in the 2014 indemnification action. Sweports also filed a "rescission-based" motion for summary judgment, asserting OKM's alleged judicial admission that Sweports "rescinded" its stock defeated the conversion claim as a matter of law. The trial court denied both motions, finding the Delaware action irrelevant and noting that Sweports' rescission-based defenses had already been dismissed.

¶ 26　　On May 3, 2024, the court struck Sweports' 213(f)(3) expert disclosures as untimely, conclusory, irrelevant, and lacking foundation. That same day, the court granted summary judgment for OKM on its conversion claim. The court rejected Sweports' *res judicata* defense, finding Sweports had "fail[ed] to provide any evidence that OKM has brought a conversion claim, of this nature" previously, and further concluding the January 19, 2016 order "was not a ruling on the merits of the [rescission] defense." The court held that Sweports' "unilateral attempt to rescind the 1.25% equity interest held by OKM in exchange for the $107,500 reduction in outstanding legal fees, was without authority and a breach of the SPA," and that Sweports identified no genuine dispute of material fact.

¶ 27　　The court also granted summary judgment for OKM on Sweports' negligence counterclaim because (1) without expert testimony, Sweports could not prove breach of the duty of care or damages, and (2) the counterclaim was barred by *res judicata* in light of the final adjudication of Sweports' 2018 complaint in *Abrams*, 2021 IL App (1st) 200139-U, which involved "virtually identical allegations which arise out of the same operative facts as the

pending negligence counterclaim." The court denied Sweports' motions to reconsider and entered final judgment on October 31, 2024. Sweports appeals.

¶ 28                                    II. ANALYSIS

¶ 29                            A. OKM's Conversion Claim

¶ 30                              1. Statute of Limitations

¶ 31        Sweports contends the trial court erred in denying its motion to dismiss based on the statute of limitations and in striking its statute of limitations affirmative defense. Both rulings are reviewed *de novo* (s*ee Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 21; *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 15), and we may affirm on any basis appearing in the record, regardless of the trial court's reasoning. *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 13.

¶ 32        We agree with the trial court that OKM's conversion claim is not barred by the five-year statute of limitations (735 ILCS 5/13-205 (West 2024)) because the claim relates back to the original June 2007 complaint. Section 2-616(b) of the Code sets forth the relation-back doctrine:

> "The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(b) (West 2024).

Because the purpose of section 2-616(b) is to prevent the loss of claims through technical pleading defects unrelated to the merits, the statute must be "liberally construe[d] *** to allow resolution of litigation on the merits [and] avoid elevating questions of form over substance." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008).

¶ 33    OKM filed its initial complaint in June 2007, within the five-year limitations period, seeking a declaration that Sweports' rescission of OKM's stock through the Informal Action was illegal and invalid. OKM then asserted a conversion claim in both its first and third amended complaints. Sweports did not raise a statute of limitations defense to the conversion claim when it appeared in the October 2014 third amended complaint, despite that pleading also being filed after the limitations period. Under the parties' September 2017 partial settlement agreement, the conversion claim in the third amended complaint was dismissed without prejudice and with "leave to refile." OKM filed a fourth amended complaint in February 2021, which omitted the conversion claim, and filed its fifth amended complaint in January 2022, which reinstated it.

¶ 34    Section 2-616(b) directs courts to compare the original pleading with any amended pleading at issue. The operative fifth amended complaint asserts conversion based on the same transaction or occurrence as the initial complaint, namely, Sweports' unilateral rescission of all OKM's stock in Sweports. Thus, the fifth amended complaint relates back to the initial complaint and is timely.

¶ 35    Sweports' argument, based on *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343 (2008), is that the relation-back doctrine does not apply because it can operate only when an amended pleading asserts a "new legal theory," and OKM's conversion claim is not "new." But nothing in *Porter* suggests that relation back is limited to amended complaints asserting new theories. To the contrary, *Porter* addressed when "new factual additions" may relate back to an

original pleading, even where the cause of action remains the same. *Id.* at 359. The doctrine contains no requirement that an amended pleading introduce a different legal theory.

¶ 36    Importantly, Sweports cannot show prejudice. Sweports has always been on notice that OKM was challenging the unilateral rescission of its stock, regardless of whether OKM framed its claim as breach of contract, interference, or conversion. See *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995) (quoting *Simmons v. Hendricks*, 32 Ill. 2d 489, 495 (1965)) ("a defendant will not be prejudiced by an amendment so long as 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him' "). Applying the relation back doctrine in this case also advances its central purpose: ensuring resolution on the merits and preventing the loss of claims due to technical pleading defects. See *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106 (1996) (section 2-616(b) was enacted "to facilitate the disposition of litigation upon the merits and to protect plaintiffs from losing a cause of action because of a technical default unrelated to the merits"). Because OKM's conversion claim arises from the same transaction or occurrence described in its June 2007 complaint, it is not time-barred, and the court did not err in denying Sweports' motion to dismiss or striking its statute of limitations affirmative defense.

¶ 37    2. Denial of Sweports' Recission-Based Motion for Summary Judgment

¶ 38    The remainder of Sweports' arguments challenge the trial court's rulings on various motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2024). The court must construe the record strictly against the movant

and grant summary judgment only when the movant's right to judgment is clear and free from doubt. *Seymour v. Collins*, 2015 IL 118432, ¶ 42. We review the trial court's rulings *de novo. Id.*

¶ 39    Sweports moved for summary judgment on OKM's conversion claim, asserting that OKM's acknowledgment that Sweports "rescinded" its stock constitutes a judicial admission that OKM never owned stock in the first place. This argument strains both law and logic.

¶ 40    Rescission is the cancellation of a contract intended to return the parties to their pre-contract positions. *Horwitz v. Sonnenschein Nath & Rosenthal LLP*, 399 Ill. App. 3d 965, 974 (2010). A party seeking rescission "must restore the other party to the status quo existing at the time the contract was made," which requires returning any consideration received and accounting for any benefits obtained. *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528 (1989). Here, OKM cannot be restored to the status quo because Sweports received and retained the benefit of $107,500 in legal services that were exchanged for stock. Accepting Sweports' theory would allow Sweports to unilaterally erase its legal fee obligation simply by declaring the stock rescinded. The trial court properly rejected this position and denied Sweports' rescission-based motion for summary judgment.

¶ 41                    3. Summary Judgment for OKM on Conversion Claim

¶ 42    Sweports argues the trial court erred in granting summary judgment for OKM on its conversion claim. We disagree. To establish conversion, a plaintiff must show: (1) a right to the property; (2) an absolute and unconditional right to immediate possession of the property; (3) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property; and (4) that the plaintiff made a demand for its return. *Weisberger v. Weisberger*, 2011 IL App (1st) 101557, ¶ 45.

¶ 43    It is undisputed that OKM exchanged $107,500 in outstanding legal fees for 125 shares of Sweports stock. It is likewise undisputed that Sweports, acting through Clarke, unilaterally rescinded all OKM's shares, denied owing OKM any legal fees, and refused to return the stock upon demand. Although Sweports submitted a list of supposedly contested facts in response to OKM's summary judgment motion, none of those facts are material to any element of conversion. And while Sweports denied that its conduct was "wrongful," it offered no explanation, legal or factual, to justify its unilateral repudiation. See *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 8 (2004) ("While the nonmoving party in a summary judgment motion is not required to prove his or her case, the nonmovant must present a factual basis arguably entitling that party to a judgment.").

¶ 44    Sweports further argues that OKM's conversion claim fails because it is "nothing more than a lawsuit seeking to enforce an obligation to pay money," relying on *Sandy Creek Condominium Ass'n v. Stolt and Egner, Inc.*, 267 Ill. App. 3d 291 (1994). *Sandy Creek* is inapposite. There, the alleged conversion rested on an estimated debt calculation rather than concrete evidence and specific funds. *Id.* at 295. Here, the $107,500 in unpaid legal fees was not an estimate; it was converted into stock pursuant to a written agreement, creating specific chattel capable of conversion. See Restatement (Second) of Torts § 242 cmt. b (1965) (recognizing conversion of stock certificates is conversion of a document for tortious conversion); *The Film and Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill. App. 3d 462, 475 (2006) ("Money may be the subject of conversion, but it must be capable of being described as a specific chattel" (internal quotation marks omitted)); *Guice v. Sentinel Technologies, Inc.*, 294 Ill. App. 3d 97, 113 (1997) (reversing dismissal of claim for conversion of stock certificate).

¶ 45    Sweports also challenges the trial court's rejection of its *res judicata* defense. *Res judicata* bars a subsequent action if there is (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of causes of actions; and (3) an identity of the parties or their privies. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).

¶ 46    Sweports argued below that OKM's conversion claim is barred by a November 14, 2008 order that allegedly dismissed the individual shareholders' conversion claim in *Dore* "with prejudice," though Sweports did not identify the grounds for the dismissal. Because this order is not included in the record on appeal, we cannot determine whether it was a final judgment on the merits. We therefore must construe the incomplete record against Sweports and presume that the trial court's ruling had an adequate basis and conforms with the law. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 47    Sweports also relies on the trial court's January 19, 2016 order in this case, which declined to strike Sweports' rescission-based affirmative defense to OKM's third amended complaint. Sweports contends this constituted a final adjudication on the merits because the court allowed the defense to stand and OKM did not appeal. This is incorrect. The order was plainly interlocutory and did not resolve the merits of the defense. See *Zenith Vending Corp. v. Village of Schaumburg*, 180 Ill. App. 3d 354, 360 (1989) (final judgment on the merits decides "contested rights in a conclusive and definitive manner"); *Camp v. Chicago Transit Authority*, 82 Ill. App. 3d 1107, 1110 (1980) (denial of motion to strike or dismiss is not a final appealable order).

¶ 48           B. Sweports' Professional Negligence Counterclaim

¶ 49           1. Denial of Sweports' Motion for Partial Summary Judgment

¶ 50           Sweports also challenges the denial of its motion for partial summary judgment on its professional negligence counterclaim. Rather than presenting evidence of OKM's alleged negligence, Sweports asked the trial court to adopt the factual findings of the Delaware chancery court in an entirely separate indemnification action. That proceeding addressed only whether the individual shareholders were entitled to indemnification for litigating prior actions under Sweports' amended bylaws. It has no bearing on, and is analytically unrelated to, Sweports' negligence counterclaim. The trial court had no obligation to import factual findings from an unrelated case and properly declined to do so.

¶ 51           2. Summary Judgment for OKM on Sweports' Counterclaim

¶ 52           The trial court granted summary judgment for OKM on Sweports' counterclaim under *res judicata* because the same core of operative facts had already been raised in Sweports' 2018 complaint against OKM, which was dismissed for failure to state a claim and affirmed by this court in *Abrams*, 2021 IL App (1st) 200139-U. As noted above, *res judicata* requires: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies. *Hudson*, 228 Ill. 2d at 467. The doctrine bars not only issues actually decided but also those that could have been decided. *Id.*

¶ 53           Using a "pragmatic" approach, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). Under this inquiry, the claim is viewed in "factual terms" and deemed coterminous with the underlying transaction, "regardless of the number of substantive theories,

or variant forms of relief flowing from those theories." *Id.* at 309. Even so, *res judicata* should not apply if doing so would result in fundamental unfairness. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001).

¶ 54    Here, each element of *res judicata* is satisfied. In June 2018, while the appeal of its dismissed negligence counterclaim was pending, Sweports filed a new complaint against OKM alleging abuse of process, tortious interference of prospective economic advantage, and conspiracy. Each claim arose from the same core of operative facts underlying Sweports' negligence counterclaim. The trial court dismissed the 2018 complaint under section 2-615, and we affirmed. A dismissal under section 2-615 is a final adjudication on the merits. See *Abrams*, 2021 IL App (1st) 200139-U, ¶ 73; *Nowak*, 197 Ill. 2d at 390 (dismissal for failure to state a claim is an adjudication on the merits).

¶ 55    Although Sweports styled its theories differently, both the 2018 complaint and the negligence counterclaim arise from the same factual nucleus: OKM's representation of Sweports in its dealings with Sandbox; OKM's drafting of the promissory note, LGSPA, and amended bylaws; and Sweports' allegation that OKM and its partners conspired to exclude Clarke and take control of the companies. Both pleadings traced the alleged wrongdoing through the Informal Actions and subsequent litigation brought by OKM, O'Rourke, and Moody. Indeed, Sweports' counterclaim expressly identifies fees incurred in defending the Delaware indemnification action and *Dore,* which is the same "vexatious litigation" alleged in the 2018 complaint, as an "integral component *** of its counterclaim."

¶ 56    Sweports responds that because this case was filed before the 2018 action, its counterclaim cannot be barred by *res judicata*. Not so. "It is the timing of the judgment, not the timing of the filing, which controls the doctrine." *Greenfield v. Ray Stamm, Inc.*, 242 Ill. App. 3d

320, 327 (1993). The question is whether a final judgment on the merits was entered by a court of competent jurisdiction. Here, the dismissal of Sweports' 2018 complaint, affirmed on June 21, 2021, constitutes such a judgment. See *Abrams*, 2021 IL App (1st) 200139-U, ¶ 73. That judgment preceded the trial court's decision in this case. The only reason *Abrams* became final first is because Sweports filed a new complaint based on the same core of operative facts as its counterclaim while its appeal in this case remained pending.

¶ 57        Nor is there any unfairness to Sweports. A final judgment has already been entered involving the same parties and the same operative transaction. For nearly two decades, Sweports has pursued multiple claims and counterclaims arising from this dispute without success. Continuing this litigation would be unfair to OKM and a needless drain of resources. Having unilaterally rescinded the stock it had issued to OKM less than six months earlier in lieu of payment of fees, Sweports cannot now complain about the result. Accordingly, we affirm the court's entry of summary judgment in OKM's favor on Sweports' counterclaim under *res judicata*. Because this disposition is dispositive, we need not address the striking of Sweports' Rule 213(f)(3) expert disclosures.

¶ 58                        C. OKM's Request for Sanctions

¶ 59        Finally, we reject OKM's request to impose Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) sanctions against Sweports for filing a frivolous appeal. Our disagreement with Sweports' position does not render this appeal frivolous.

¶ 60                              III. CONCLUSION

¶ 61        For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 62        Affirmed.